IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL ALLEN BROCK,

    Plaintiff,

v.

MICHAEL SINNOCK, et al.,

    Defendants.

No. 04-2560 Ma/P

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Michael Allen Brock ("Brock") brings this action under 42 U.S.C. § 1983, alleging that Memphis police officers violated his Fourth Amendment rights through the use of excessive force in making an arrest. Brock's complaint names the City of Memphis; the City of Memphis Police Division[1]; and Officers Michael Sinnock, Joseph Cunningham, Shane Jordan, and Bryan Stallings individually and in their official capacities as officers of the City of Memphis Police Division. Brock seeks compensatory and punitive damages.

On July 15, 2005, Defendants Michael Sinnock, Joseph Cunningham, Shane Jordan, and Bryan Stallings filed a Motion for Summary Judgment, arguing that Defendants' use of force was

---

[1] The claims against the City of Memphis and the City of Memphis Police Division have since been dismissed.

1

reasonable under the circumstances as a matter of law and that Defendants are shielded from liability by qualified immunity. On August 16, 2005, Brock filed a response to the motion. Defendants filed a reply on October 21, 2005. For the following reasons, Defendants' Motion for Summary Judgment as to the Defendants in their individual capacities is DENIED.

## I. Background

Brock alleges that on or about July 26, 2003, he was stopped while driving by City of Memphis Police Officers Cunningham, Sinnock, Stallings, and Jordan. (Compl. ¶ 5.) After Brock had allegedly put his hands up, Defendants dragged him from his car, threw him to the ground, and "start[ed] kicking [him], hit [him] in the head, temple, back, shoulder." (Pl.'s Dep. 57:11-17, Mar. 17, 2005.) Brock was then arrested and "[t]he defendants tried to cover up the charges and obstruct justice by falsifying how the plaintiff sustained his injuries." (Compl. ¶¶ 6-7.)

## II. Jurisdiction

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331.

## III. Standard for Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable

to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. <u>See</u> <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." <u>Cloverdale Equip. Co. v. Simon Aerials, Inc.</u>, 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. <u>See</u> <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants

3

have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

### IV. Analysis

#### A. Section 1983

Brock brings § 1983 claims against each of the Defendants in his individual capacity. Specifically, Brock alleges that his Fourth Amendment right to be free from unreasonable seizure was violated when Defendants used excessive force against him, a free citizen, in the course of making an arrest. In their motion for summary judgment, Defendants contend, first, that their use of force was reasonable under the circumstances as a matter of law and, second, that qualified immunity shields them from liability for their actions.

##### 1. Reasonable Use of Force

Claims under § 1983 of excessive force in violation of the Fourth Amendment are evaluated using an "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. Additionally, courts must take into account the nature of an officer's work, which often requires him to make "split-second judgments in circumstances that are tense, uncertain, and rapidly

4

evolving..." Id. at 397. Because the determination is objective, however, an individual officer's subjective intent or motivations in taking a particular action are not taken into account. Id.

In determining whether an officer's use of force was reasonable, the sequence of events is analyzed in segments. Dickerson v. McClellan, 101 F.3d 1151, 1161-62 (6th Cir. 1996). In this case, the relevant segment is what happened after Brock was taken from his car and was on the ground. Brock alleges that, after he was on the ground, one or more of the officers proceeded to kick and hit him, causing bruising to his back, shoulder, temple, and side, although he was not attempting to resist arrest. (Pl.'s Dep. 28:15-16, 57:15-17, 60:3-13; Pl.'s Mem. Opp'n Summ. J. Ex. 1.) Defendants assert that Brock should be collaterally estopped from arguing that he did not resist arrest because he pled guilty to Resisting Official Detention on May 24, 2005. Viewing the facts in the light most favorable to Brock, however, a reasonable juror could find that, although Brock was guilty of resisting arrest for attempting to flee in his car when Officers Sinnock and Cunningham stopped him for speeding, he was not physically resisting arrest when he was taken from his car. Brock has admitted that he fled from the police before he was eventually arrested. (Pl.'s Mem. 2.)

Because Brock's account of events does not conflict with his conviction for Resisting Official Detention, there is no reason

5

to estop Brock collaterally from claiming that he did not resist arrest after he was removed from his car and placed on the ground. Therefore, when the evidence is viewed in the light most favorable to Brock, there is a genuine issue of material fact about Brock's claim of excessive force because no reasonable officer could have found it necessary to kick and hit a suspect who was already on the ground and not resisting in any way.

Although the facts do not establish which of Defendants actively participated in the alleged use of excessive force, the facts taken in the light most favorable to Brock establish that any of Defendants who did not participate in the use of force can be held liable under § 1983 for their failure to protect Brock. An officer who does not actively participate in the use of excessive force may nevertheless be held liable if it can be proved that he "owed the victim a duty of protection against the use of excessive force." Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997). Such a failure to protect can be shown when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Id.

It is undisputed that Officers Stallings and Cunningham participated in the physical arrest of Brock. (Stallings Aff. ¶ 4; Cunningham Aff. ¶ 6.) There is also evidence that all four of

6

the Defendants participated in the actual physical arrest. (Pl.'s Mem. Ex. 3 at 5.) An officer who participated in the physical arrest, even if he did not participate in the alleged use of excessive force, could have observed or had reason to know of the use of excessive force and had the opportunity and means to prevent it. Therefore, Brock has adduced facts sufficient to establish a genuine issue about whether Defendants violated his Fourth Amendment right to be free from unreasonable seizure through the use of excessive force.

### 2. Qualified Immunity

In determining whether a police officer is entitled to qualified immunity from a suit for an alleged violation of a constitutional right, a court must address two questions. First, as a threshold inquiry, the court must determine "whether a constitutional right would have been violated on the facts alleged." Saucier v. Katz, 533 U.S. 194, 200 (2001). In this case, the facts alleged would establish the violation of a constitutional right.

The second inquiry, then, is "whether the right was clearly established" when the violation occurred. Id. at 201. A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. Any reasonable police officer would be aware that it is an excessive use of force to kick and hit a suspect who is

already on the ground and not resisting arrest, as Brock alleges. See Phelps v. Coy, 286 F.3d 295, 301-02 (6th Cir. 2002) (continuing to beat neutralized suspect would be unnecessary and unreasonable).

Additionally, in this case, the facts about what happened after Brock was on the ground, facts that are essential to Brock's claim of excessive force, are disputed. "Where the 'parties dispute virtually all of the essential facts surrounding the excessive force claim, and the evidence proferred by the non-moving party would support a conclusion that excessive force was used,...the defendants' qualified-immunity arguments...may [not] be resolved on summary judgment." Giannola v. Peppler, No. 96-2467, 1998 WL 96557, at *3 (6th Cir. Feb. 23, 1998) (quoting Jackson v. Hoylman, 933 F.2d 401, 403 (6th Cir. 1991)). Therefore, the court finds that Officers Sinnock, Cunningham, Jordan, and Stallings are not shielded by the doctrine of qualified immunity. Accordingly, the court denies Defendants' Motion for Summary Judgment on Brock's § 1983 claim for use of excessive force in violation of Brock's Fourth Amendment rights.

### B. Official Capacity Suit

On September 23, 2005, the court dismissed the City of Memphis as a defendant in this case in response to Brock's Motion for Voluntary Non-suit filed on September 20, 2005. In their October 21, 2005, reply brief, Defendants assert that the

dismissal of the City of Memphis as a defendant also acts as a dismissal of the suit against Defendants in their official capacities. Defendants' Motion for Summary Judgment does not seek the relief assumed in Defendants' reply brief, Defendants have not filed a motion to dismiss them in their official capacities, and the issue was not addressed in Brock's response to the Motion for Summary Judgment. Therefore, the issue is not before the court at this time.

## V. Conclusion

Defendants' Motion for Summary Judgment of Plaintiff's § 1983 claim against Defendants Michael Sinnock, Joseph Cunningham, Shane Jordan, and Bryan Stallings in their individual capacities is DENIED.

So ordered this 29th day of December 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:04-CV-02560 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Barclay M. Roberts
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT